**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4537**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES RHETT MILLER,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry M. Herlong, Jr., District
Judge.  (8:07-cr-00936-HMH-1)

─────────────

Submitted:  November 17, 2008      Decided:  December 16, 2008

─────────────

Before NIEMEYER, KING, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.    Maxwell B. Cauthen, III,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Rhett Miller pled guilty, without a plea agreement, to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (2000). Miller was sentenced to 115 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether Miller's sentence is reasonable. Miller filed a pro se supplemental brief, contending that the Fed. R. Crim. P. 11 hearing was inadequate and that his counsel provided ineffective assistance. The Government elected not to file a responding brief.

Miller initially questions the adequacy of the Rule 11 hearing. Because Miller did not seek to withdraw his guilty plea in the district court, any alleged Rule 11 error is reviewed by this court for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Miller must "show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). We have reviewed the record and find no error. Additionally, Miller's conclusory assertions that he is "actually innocent" of the offense and that his plea was not

2

knowingly and voluntarily made are directly contradicted by the record.

Miller next questions whether his sentence is reasonable. When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Miller, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Furthermore, Miller's sentence, which is no greater than the applicable Guidelines range and below the ten-year statutory maximum, may be presumed reasonable. Thus, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Miller finally contends that his counsel provided ineffective assistance. An ineffective assistance of counsel

claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the record does not conclusively establish that counsel was ineffective, Miller's claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4